EXHIBIT "A"

IN THE SUPERIOR COURT OF PAULDING COUNTY
STATE OF GEORGIA

DYLAN TURNER,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )
                                       )  CIVIL ACTION
USAA CASUALTY INSURANCE                )  FILE NO. _____
COMPANY,                               )
                                       )  12-CV- 3311 -TB
          Defendant                    )
                                       )

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

This case involves a liability insurer's failure to settle claims against its insured within policy limits when the insurer had reasonable opportunities to do so. The negligence and bad faith of Defendant USAA Casualty Insurance Company ("USAA") resulted in a $5.6 million judgment against Plaintiff Dylan Turner, the person USAA promised to protect from such judgments. This case arises out of a tragic automobile accident – caused by Mr. Turner – that ended the life of Zachary Williamson, a 15-year-old boy. Mr. Turner had liability insurance with USAA. USAA had opportunities to settle the claims against Mr. Turner for an amount within policy limits. Placing its own financial interests ahead of Mr. Turner's interests, USAA squandered the opportunities, failed to settle the claims, and caused a financially ruinous judgment against Mr. Turner.

1.

Mr. Turner is a resident of the state of Georgia.

2.

Defendant USAA Casualty Insurance Company ("USAA") is a foreign insurance company that underwrites insurance polices insuring risks in Paulding County.

3.

This Court has Jurisdiction over USAA, and venue is proper in this Court. USAA can be served with process by service on its registered agent, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

4.

On August 14, 2010, Mr. Turner was involved in an automobile accident in which Zachary Williamson, a 15-year-old boy, was killed.  Mr. Turner accepted responsibility for his actions and is currently serving a prison sentence for causing Zachary's death.

5.

USAA issued an automobile liability insurance policy ("Policy") providing $25,000 of coverage to Mr. Turner for claims made on behalf of the Williamson family for the death of their son.

6.

One purpose of the Policy was to protect Mr. Turner from legal liability in the event that, while driving, he hurt someone.

7.

Under the Policy, USAA has a duty to indemnify and defend Mr. Turner for legal liability arising out of the accident.

8.

Under the Policy, USAA retained for itself the exclusive discretion to decide whether and under what terms and conditions it would settle claims against Mr. Turner arising out of the accident.

9.

With respect to any attempts to settle the bodily injury claims against Mr. Turner arising out of the accident, USAA had a fiduciary duty to Mr. Turner.

10.

USAA had a duty to settle claims against Mr. Turner arising out of Zachary's death for an amount within Policy limits if USAA had a reasonable opportunity to do so.

11.

USAA received prompt notice of the accident and Zachary's death and assigned Audrey M. Baio, an adjuster based in a state other than Georgia, to handle

3

certain aspects of the claim. Ms. Baio was not sufficiently educated on or familiar with prudent claims-handling practices in Georgia to adequately protect Mr. Turner from the legal liability he faced from the accident.

12.

Prior to December 8, 2010, USAA knew or should have known that liability against Mr. Turner for Zachary's death was clear.

13.

Prior to December 8, 2010, USAA knew or should have known that the legal damages to which the Williamson family was entitled because of the death of their son vastly exceeded policy limits.

14.

Prior to December 8, 2010, USAA knew or should have known that if the Williamson family were to file a lawsuit against Mr. Turner, there would be a substantial likelihood of a judgment against Mr. Turner in excess of policy limits.

15.

Prior to December 8, 2010, USAA determined that in order to fulfill its responsibilities to Mr. Turner, USAA should settle the claims against Mr. Turner within policy limits if presented with a reasonable opportunity to do so.

16.

On December 8, 2010, adjuster Baio, on behalf of USAA, sent a letter to the

4

Williamson family offering to settle the claims against Mr. Turner for policy limits of $25,000. The offer was not without conditions. It stated, in part, "I need you to sign the attach [sic] release . . . before payment can be issued." (A true and correct copy of the letter is attached as Exhibit A.)

17.

The attached release was misleadingly labeled "Georgia Limited Release Pursuant to O.C.G.A. Section 33-24-41.1. The attached release included provisions far exceeding the content suggested by the label.

18.

The attached release that USAA required the Williamson family to execute as a condition of payment contained an indemnity provision that reads, in full, as follows:

> The claimant(s) warrants and represents to the insurer that there are no medical or hospital liens, or expenses for which the Releasees may be held liable under O.C.G.A. Section 44-14-470 (et seq.), or under O.C.G.A. Section 49-4-148 or 49-4-149 or any other law or statute; but in the event any claims are asserted against the insurer for such medical expenses by any person, firm, corporation, authority, governmental agency or other entity on account of any hospital or medical treatment rendered to the claimant by reason of the incident referred to herein, the claimant(s) will hold harmless, defend and indemnify the insurer from all such claims and for any amounts the insurer is required to pay therein, including any and all attorney fees in the defense of the insurer against said claims.

(A true and correct copy of the release is an attachment to Exhibit A.)

5

19.

The paragraph containing the indemnity and defense obligations protected USAA from potential future liability.

20.

Under the indemnity required by USAA as a condition of settlement, the Williamson family would have been required to indemnify USAA against a variety of claims – no matter how frivolous – by parties over which the Williamson family had no control. If such claims were brought, the Williamson family would also be required under the release to pay USAA's lawyers for defending the claims.

21.

Had the Williamson family signed the release USAA required as a condition of settlement, the Williamson family would have exposed itself to financial responsibility for USAA's attorneys' fees and other future costs. Such fees and costs could easily have exceeded $25,000.

22.

The Williamson family reasonably declined to accept USAA's terms.

23.

On December 8, 2010, USAA had a reasonable opportunity to settle the claims against Mr. Turner within policy limits. USAA's decision to condition the offer on its onerous and misleadingly labeled indemnification agreement

6

negligently and in bad faith exposed Mr. Turner to liability in excess of policy limits.

24.

The Williamson family retained attorney Lance Cooper. Mr. Cooper, on behalf of the Williamson family, sent a demand letter to USAA on January 4, 2011. (A true and correct copy of the demand is attached hereto as Exhibit B.)

25.

The demand contained three material terms: (1) Payment of the policy limits of $25,000; (2) that Plaintiffs would only execute a limited liability release in accordance with O.C.G.A. § 33-24-41.1; and (3) acceptance by January 14, 2011, at which time the demand would expire. (See Exhibit B.)

26.

The January 4 time-limited demand provided another reasonable opportunity for USAA to resolve the claims against Mr. Turner within policy limits.

27.

Time-limited demands for policy limits are a common occurrence in the automobile liability insurance industry.

28.

USAA's automobile liability adjusters are or should be trained in how to properly handle and respond to time-limited demands for policy limits made in Georgia.

29.

A time-limited demand for policy limits is an offer to enter into a contract of settlement. As such, the creation of a contract of settlement is governed by the familiar contract formation principles of offer and acceptance.

30.

For more than a century, Georgia law has held that a response to an offer that adds any conditions not in the original offer is a counteroffer.

31.

USAA's adjusters know or should know that a counteroffer is a rejection.

32.

On January 13, 2011, adjuster Baio, on behalf of USAA, made a counteroffer in response to the January 4 demand. Specifically, rather than accepting the demand as set forth by Mr. Cooper, USAA added another condition and insisted that the Williamson family agree to indemnify and defend USAA under the same indemnity agreement the Williamson family had already

8

reasonably rejected. (A true and correct copy of the January 13, 2011, counteroffer is attached hereto as Exhibit C.)

33.

The Williamson family reasonably declined to accept USAA's counteroffer and on February 1, 2011, filed a lawsuit against Mr. Turner styled, *Mark Williamson and Rene Williamson, as parents of Zachary Williamson and as Co-Administrators of the Estate of Zachary Williamson, deceased v. Dylan R. Turner et al.*, Sup. Crt. Paulding Cty, 11-CV-386-T ("Underlying Lawsuit").

34.

USAA filed a Motion to Enforce Settlement Agreement in the Underlying Lawsuit. On November 15, 2011, this Court denied the motion, ruling as follows:

Rather than mirror the [January 4] demand and simply accept it without condition, USAA chose to include material terms that [the Williamson family's] counsel had not included. Specifically, USAA said it had offered the policy limits on December 18, 2010 and that USAA would be re-sending the release that it had sent on December 8, 2010 for [the Williamson family] to sign in order to settle [the Williamson family's] claims against [Mr.] Turner. In other words, USAA's response was not an acceptance of [the Williamson family's] offer, but rather a reiteration of the offer of December 8, 2010 which [the Williamson family] had not accepted. Furthermore, the USAA counteroffer included material terms not contained in [the January 4] demand.

(The Order is attached as Exhibit D, with the quoted language on page 2.)

35.

The Underlying Lawsuit went to trial, resulting in a judgment against Mr.

9

Turner on June 28, 2012, in the amount of $5,407,284.00 for the full value of Zachary's life, $263,408.60 for Zachary's pain and suffering and medical and funeral expenses and $250 as punitive damages for a total of $5,670,942.60. (A true and correct copy of the judgment is attached as Exhibit E.) The judgment continues to accrue interest at the legal rate.

36.

Mr. Turner is now responsible for the judgment and for the post-judgment interest that continues to accrue.

37.

By demanding that the Williamson family indemnify and defend USAA as a condition of settlement, USAA was looking out for its own interests at the expense of Mr. Turner's interests.

38.

USAA had the option to settle the claims against Mr. Turner for policy limits without demanding that the Williamson family defend and indemnify USAA. By not doing so, USAA failed to act as a reasonably prudent insurer in like circumstances.

39.

At no time prior to the filing of the Underlying Lawsuit did USAA ask the Williamson family to assure the satisfaction of any outstanding hospital lien.

10

40.

At no time prior to filing the Underlying Lawsuit did the Williamson family refuse to assure the satisfaction of any outstanding hospital lien.

41.

The judgment is the proximate cause of USAA's negligence and bad faith in failing to resolve the claims against Mr. Turner when USAA had a reasonable opportunity to do so.

42.

USAA's failure to settle the claims against Mr. Turner within policy limits has damaged and/or will damage Mr. Turner's credit worthiness and has caused and/or will cause him mental distress, wounded feelings and other damages. USAA has damaged Mr. Turner by making him travel to the trial of the Underlying Lawsuit and re-live his terrible mistake and the pain he caused the Williamson family. USAA has further damaged Mr. Turner by hampering his ability to put his life back together after he pays his debt to society and is released from prison.

43.

Mr. Turner fully cooperated with USAA from the date of the accident and throughout the course of the Underlying Lawsuit.

11

44.

Mr. Turner performed all conditions precedent under the Policy for coverage for the accident.

45.

Upon information and belief, USAA has appealed the Order finding that USAA made a counteroffer and denying the motion to enforce settlement. (Exhibit D) If USAA prevails on appeal, Mr. Turner will still have been damaged by USAA's failure to settle the claims against him.  A successful appeal might mitigate the damages USAA has caused, but it will not eliminate them.

## COUNT 1
## Bad Faith Failure To Settle Under The Common Law

46.

Mr. Turner incorporates paragraphs 1 - 45 of his complaint as if fully set forth herein.

47.

USAA had reasonable opportunities to settle the claims against Mr. Turner within policy limits, both before and after the Williamsons' attorney sent a time-limited demand to USAA. Failing to hold its insured's financial interests in equal consideration to its own interests, and failing to act as a reasonably prudent liability insurer, USAA negligently, in bad faith and with a specific intent to injure failed to settle the claims, damaging Mr. Turner as described herein.

12

## COUNT 2
## Attorneys' Fees Under OCGA § 13-6-11

48.

Mr. Turner incorporates paragraphs 1 - 45 of his complaint as if fully set forth herein.

49.

USAA's actions and omissions constitute bad faith, stubborn litigiousness and have caused Mr. Turner unnecessary trouble and expense within the meaning of OCGA § 13-6-11, entitling him to attorneys' fees and other expenses of litigation in this lawsuit.

## COUNT 3
## Punitive Damages

50.

Mr. Turner incorporates paragraphs 1 - 45 of his complaint as if fully set forth herein.

51.

USAA's actions constitute willful misconduct; malice; fraud; wantonness; oppression; or that entire want of care which would raise the presumption of conscious indifference to consequences; with the specific intent to cause harm, entitling Mr. Turner to damages, including punitive damages within the meaning of OCGA § 51-12-5.1

13

WHEREFORE, Mr. Turner prays for judgment in his favor against USAA for the following:

A.   That Mr. Turner have a trial by jury;

B.   That Mr. Turner have and recover the following:

   1. Special damages in the sum of $5,670,942.60, plus interest at the legal rate up to and including the date of payment;

   2. Further special damages;

   3. General damages in an amount to be determined by the enlightened conscious of a fair and impartial jury;

   4. Reasonable attorneys' fees and expenses in this litigation;

   5. Punitive damages (pursuant to OCGA § 51-12-5.1 or otherwise) in such amount that the jury deems adequate to punish and deter USAA in light of the aggravated nature of its conduct, its financial circumstances, and its intent to cause harm;

   6. That all costs be taxed against USAA;

   7. Pre-judgment interest; and

   8. Other and further relief as the Court may deem just and proper.

Respectfully submitted on August 24 , 2012.

_James (Jay) Sadd_
James (Jay) Sadd
Georgia Bar No. 622010
Richard E. Dolder, Jr.
Georgia Bar No. 220237
SLAPPEY & SADD
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 255-6677 (telephone).
jay@lawyersatlanta.com
rich@lawyersatlanta.com
Attorneys for Dylan Turner



9800 Fredericksburg Road
San Antonio, Texas 78288

MR. AND MRS. MARK WILLIAMS                                    December 8, 2010
59 CUMBERLAND FALLS DRIVE
DALLAS GA 30132-6081

Reference: Claim resolution

Dear Mr. and Mrs. Williams,

Please be advised that USAA insures Dylan Turner and is excess to Metropolitan Insurance,
who insures Cheryl Mc Farrin.

USAA is offering our insured's bodily injury liability limits of $25,000 to you as the parent's of
Zachary Willaimson.

I need you to sign the attach release and a copy of the death certificate before payment can be
issued.

   Policyholder: Dylan R. Turner
   Claim #:       15134735-7101-3-7971
   Date of loss: August 14, 2010
   Loss location: Dallas, Georgia

Please complete the attached release and return it. Your signature(s) must be witnessed. We'll
send payment on receipt of the signed release.

You may submit correspondence to:

       Address:          P.O. Box 659461
                         San Antonio, Texas 78265
       Fax:              1-866-828-2330
       Phone:            1-800-531-8722 EXT 44247

Sincerely,

audrey m. Baio

Audrey M. Baio
USAA Southeast Regional Office
USAA Casualty Insurance Company

Enc: GA Limited Rel

15134735 - 3 - GA - 08/14/10 - 7971 - 45 - C70D - DM04664                    054456-1209

USAA Confidential





**USAA Casualty**
**Insurance Company**

## Georgia Limited Release Pursuant
## to O.C.G.A. Section 33-24-41.1

| Member Name | USAA Number | L/R Number | Date of Loss |
|---|---|---|---|
| Dylan R. Turner | 15134735 | 3 | 08-14-2010 |

FOR AND IN CONSIDERATION of the payment to me/us of the sum of <u>Twenty Five Thousand Dollars</u> and 100 <u>($ 25,000.00)</u> _____, the receipt of which is hereby acknowledged, I/we, being of lawful age, do hereby release, acquit, and forever discharge <u>Dylan R. Turner</u> _____ his/her heirs, executors and assigns, from any liability now accrued or hereafter to accrue on account of any and all claims or causes of action which I/we now or may hereafter have for personal injuries, damage to property, loss of services, medical expenses, contribution, indemnification, losses or damages of any and every kind or nature whatsoever, now known or unknown or that may hereafter develop, by me/us sustained or received on or about <u>August 14, 2010</u> _____ through <u>an auto accident</u> _____ except to the extent other insurance coverage is available which covers such claims or causes of action, and I/we hereby declare that I/we fully understand the terms of this settlement and voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of the injuries and damages, expenses and inconvenience above mentioned and further intend to release all my/our claims for injury or damage or consequences thereof now known or unknown or which hereafter arise from this accident. This specifically includes release of any and all claims which the undersigned may have for contribution or indemnification.

This Limited Release is entered into pursuant to the provisions set forth in O.C.G.A. section 33-24-41.1, and it is intended that the force and effect of this Limited Release shall be as intended by the aforesaid Code Section. This Release shall operate as a full and final release of <u>Dylan R. Turner</u> _____, from all injuries or damages to the undersigned arising out of the above described accident, casualty or event and a release of USAA, except that this Limited Release does not bar any claims the undersigned have against other insurance, including, but not limited to uninsured/underinsured insurance, that might provide coverage for the injuries and damages arising out of the above-referenced incident. This Limited Release shall not operate as a release of any other persons or entities not specifically named herein and shall not operate as a release of the undersigned's claim(s) against any other tortfeasor or insurance carrier not named in this Limited Release.

IT BEING FURTHER AGREED AND UNDERSTOOD that this settlement is a compromise of a disputed claim and that the payment is not to be construed as an admission on the part of the party or parties hereby released of any liability whatever in consequence of said accident.

In all cases where the insurer shall settle the claims of third persons against the insured without written consent that it shall be the duty of the insurer to inform the third persons in writing of the lack of consent of the insured and that the insured is not thereby precluded from the further assertion of claims against the third persons before taking from the third persons any release, covenant not to sue, or settlement; and upon the failure of the insurer to give the notice to the third persons of the lack of consent of the insured, the release, covenant not to sue, or other settlement shall be of no effect, null and void.

The claimant(s) warrants and represents to the insurer that there are no medical or hospital liens, or expenses for which the Releasees may be held liable under O.C.G.A. Section 44-14-470 (et seq.), or under O.C.G.A. Section 49-4-148 or 49-4-149 or any other law or statute; but in the event any claims are asserted against the insurer for such medical expenses by any person, firm, corporation, authority, governmental agency or other entity on account of any hospital or medical treatment rendered to the claimant by reason of the incident referred to herein, the claimant(s) will hold harmless, defend and indemnify the insurer from all such claims and for any amounts the insurer is required to pay therein, including any and all attorney fees incurred in the defense of the insurer against said claims.

The claimant(s) further warrants that he/she has not filed a petition of bankruptcy with the United States Bankruptcy Court nor is he/she a party to a bankruptcy proceeding at the time of the signing of this release.

I/We further state that the foregoing release has been carefully read and I/we know the contents thereof and have signed the same as my/our own free act and have not been influenced in making this settlement by any representation of the party of parties released.

Executed at _____, this _____ day of _____,
            City/State                    Month                      Day        Year

WITNESSES:

                                            CAUTION: READ BEFORE SIGNING

_____        _____
Signature                              Legal Signature

                                            Mark Williamson
Address                              Print Name

_____        _____
Signature                              Legal Signature

                                            Rene Williamson
Address                              Print Name

# THE COOPER FIRM

ATTORNEYS AT LAW

LANCE A. COOPER
ALSO ADMITTED IN CALIFORNIA

E-MAIL: info@thecooperfirm.net

701 WHITLOCK AVENUE, S.W.
BUILDING J, SUITE 43
MARIETTA, GEORGIA 30064

TELEPHONE: 770-427-5588
FACSIMILE: 770-427-0010
TOLL FREE: 800-317-2021
WEBSITE: www.thecooperfirm.net

January 4, 2011

Via Certified Mail
Audry M. Baio
USAA Casualty Insurance Co.
9800 Fredericksburg Road
San Antonio, TX 78265

RE:   Insured:      Dyian R. Turner
      Claim #:      15134735-7101-3-7971
      DOL:          August 14, 2010
      Loss Loc:     Dallas, GA

Dear Ms. Baio:

My clients, Mark and Reneè Williamson, have authorized me to make a demand in this. My clients will execute a limited liability release in accordance with O.C.G.A. § 33-24-41.1 in exchange for USAA's policy limits of $25,000.00.

This offer shall remain open until Friday, January 14, 2011.

Sincerely,

THE COOPER FIRM

Lance A. Cooper

LA/O/dal

USAA Confidential

EXHIBIT B



9800 Fredericksburg Road
San Antonio, Texas 78288

LANCE A COOPER, ATTORNEY                                    January 13, 2011
701 WHITLOCK AVE, SW
BUILDING J, SUITE 43
MARIETTA GA 30064

Reference: Claim resolution

Dear Mr. Cooper,

We have settled the following claim:

    Policyholder:        Dylan R. Turner
    Claim #:             15134735-7101-3-7971
    Date of loss:        August 14, 2010
    Loss location:       Dallas, Georgia
    Your client:         Estate of Zachary Williamson

Please do the following:

• Have your client sign the release.
• Have the signatures witnessed.
• Return the release.
• Provide your tax identification number for reporting purposes.

We forwarded a check for $25,000.00 to the Estate under separate cover.

You may submit correspondence to:

    Address:        P.O. Box 659461
                    San Antonio, Texas 78265
    Fax:            1-866-828-2330
    Phone:          1-800-531-8722 EXT 44247

Sincerely,

Audrey M. Baio

Audrey M. Baio
USAA Southeast Regional Office
USAA Casualty Insurance Company

Enc: GA Limited Rel

15134735 - 3 - GA - 08/14/10 - 7971 - 45 - P700 - DM04664                    054727-1209

0901119c87498d7e                    USAA Confidential





**USAA**

USAA Casualty
Insurance Company

## Georgia Limited Release Pursuant
## to O.C.G.A. Section 33-24-41.1

| Member Name | USAA Number | L/R Number | Date of Loss |
|---|---|---|---|
| Dylan R. Turner | 15134735 | 3 | 08-14-2010 |

FOR AND IN CONSIDERATION of the payment to me/us of the sum of __Twenty Five Thousand Dollars__ and 00/100   ($ 25,000.00)_____, the receipt of which is hereby acknowledged, I/we, being of lawful age, do hereby release, acquit, and forever discharge Dylan R. Turner_____

his/her heirs, executors and assigns, from any liability now accrued or hereafter to accrue on account of any and all claims or causes of action which I/we now or may hereafter have for personal injuries, damage to property, loss of services, medical expenses, contribution, indemnification, losses or damages of any and every kind or nature whatsoever, now known or unknown or that may hereafter develop, by me/us sustained or received on or about August 14, 2010_____ through _an auto accident_____ except to the extent other insurance coverage is available which covers such claims or causes of action, and I/we hereby declare that I/we fully understand the terms of this settlement and voluntarily accept said sum for the purpose of making a full and final compromise, adjustment and settlement of the injuries and damages, expenses and inconvenience above mentioned and further intend to release all my/our claims for injury or damage or consequences thereof now known or unknown or which hereafter arise from this accident. This specifically includes release of any and all claims which the undersigned may have for contribution or indemnification.

This Limited Release is entered into pursuant to the provisions set forth in O.C.G.A. section 33-24-41.1, and it is intended that the force and effect of this Limited Release shall be as intended by the aforesaid Code Section. This Release shall operate as a full and final release of Dylan R. Turner_____.

from all injuries or damages to the undersigned arising out of the above described accident, casualty or event and a release of USAA, except that this Limited Release does not bar any claims the undersigned have against other insurance, including, but not limited to uninsured/underinsured insurance, that might provide coverage for the injuries and damages arising out of the above-referenced incident. This Limited Release shall not operate as a release of any other persons or entities not specifically named herein and shall not operate as a release of the undersigned's claim(s) against any other tortfeasor or insurance carrier not named in this Limited Release.

IT BEING FURTHER AGREED AND UNDERSTOOD that this settlement is a compromise of a disputed claim and that the payment is not to be construed as an admission on the part of the party or parties hereby released of any liability whatever in consequence of said accident.

In all cases where the insurer shall settle the claims of third persons against the insured without written consent that it shall be the duty of the insurer to inform the third persons in writing of the lack of consent of the insured and that the insured is not thereby precluded from the further assertion of claims against the third persons before taking from the third persons any release, covenant not to sue, or settlement; and upon the failure of the insurer to give the notice to the third persons of the lack of consent of the insured, the release, covenant not to sue, or other settlement shall be of no effect, null and void.

The claimant(s) warrants and represents to the insurer that there are no medical or hospital liens, or expenses for which the Releasees may be held liable under O.C.G.A. Section 44-14-470 (et seq.), or under O.C.G.A. Section 49-4-148 or 49-4-149 or any other law or statute; but in the event any claims are asserted against the insurer for such medical expenses by any person, firm, corporation, authority, governmental agency or other entity on account of any hospital or medical treatment rendered to the claimant by reason of the incident referred to herein, the claimant(s) will hold harmless, defend and indemnify the insurer from all such claims and for any amounts the insurer is required to pay therein, including any and all attorney fees incurred in the defense of the insurer against said claims.

RAP025-0209                    52846-0209                    GA - D - 7101  -2        -7971  / 45
                                                                                       Page 1 of 2

0901119c8749Bd7e                          [ USAA Confidential ]

The claimant(s) further warrants that he/she has not filed a petition of bankruptcy with the United States Bankruptcy Court nor is he/she a party to a bankruptcy proceeding at the time of the signing of this release.

I/We further state that the foregoing release has been carefully read and I/we know the contents thereof and have signed the same as my/our own free act and have not been influenced in making this settlement by any representation of the party of parties released.

Executed at _____ City/State _____ , this _____ Month _____ day of _____ Day _____ , _____ Year

WITNESSES:                  **CAUTION: READ BEFORE SIGNING**

_____       _____
Signature                      Legal Signature

_____       The Estate of Zachary Williamson
Address                       Print Name

_____       _____
Signature                      Legal Signature

_____       The Estate of Zachary Williamson
Address                       Print Name

0901119c87496d7e             USAA Confidential



## IN THE SUPERIOR COURT OF PAULDING COUNTY

### STATE OF GEORGIA

MARK WILLIAMSON and RENÉ
WILLIAMSON, as Parents of ZACHARY
WILLIAMSON and as Co-Administrators
of the Estate of ZACHARY WILLIAMSON, )
Deceased,

)

        Plaintiffs,

v.

                               **CIVIL ACTION**

)     **FILE NO. 11-CV-386-TB**

DYLAN R. TURNER,

)

        Defendants.

*(stamp:)* 2011 NOV 15 PM 3: 28
TREVA W. SHELTON
PAULDING COUNTY COURTS
FILED IN OFFICE
PAULDING COUNTY, GA

---

### ORDER DENYING DEFENDANT DYLAN TURNER'S
### MOTION TO ENFORCE SETTLEMENT AGREEMENT

Defendant Dylan Turner's Motion to Enforce Settlement Agreement, having come on for

hearing before the Court, and the Court having considered the briefs and argument of the parties,

the Court enters an Order as follows:

Plaintiffs' son, Zachary Williamson, was killed on August 14, 2010. Defendant Dylan R.

Turner ("Turner") collided his Neon into a Jeep in which Zachary was riding as a passenger.

Plaintiffs subsequently sued Defendant Turner and the owner of the Neon, Cheryl McFerrin.[1]

---

[1] Plaintiffs have dismissed their claims against Cheryl McFerrin.



Defendant Turner was insured under a liability policy issued by USAA. On December 8, 2010, USAA's representative sent a letter to Plaintiffs wherein she said that USAA was offering the bodily injury liability limits of $25,000.00 to the Plaintiffs as parents of Zachary Williamson. The representative further stated, "I need you to sign the attach [sic] release and a copy of the death certificate before payment can be issued." Plaintiffs understood that they had to agree to the terms in the release and forward a copy of the death certificate before they would receive the $25,000.00 check.

On January 4, 2011, Plaintiffs' counsel sent a settlement demand to USAA. The demand contained three material terms. First, a demand of the $25,000.00 policy limits. Second, it expired on January 14, 2011. Third, it said that Plaintiffs would only execute a limited liability release in accordance with O.C.G.A. § 33-24-41 in exchange for the liability limits.

USAA's agent responded on January 13, 2011. Rather than mirror the demand and simply accept it without condition, USAA chose to include material terms that Plaintiffs' counsel had not included. Specifically, USAA said it had offered the policy limits on December 18, 2010 and that USAA would be re-sending the release that it had sent on December 8, 2010 for Plaintiffs to sign in order to settle Plaintiffs' claims against Defendant Turner. In other words, USAA's response was not an acceptance of Plaintiffs' offer, but rather a reiteration of the offer of December 8, 2010 which Plaintiffs had not accepted. Furthermore, the USAA counteroffer included material terms not contained in Plaintiffs' demand.

A contract is not complete and enforceable until "there is a meeting of the minds as to all essential terms." Peace v. Dominy Holdings, Inc., 251 Ga. App. 654, 655, 554 S.E.2d 314, 315 (2001) (emphasis added). "The consent of the parties being essential to a contract, until each has

2

assented to all the terms, there is no binding contract; until assented to, each party may withdraw

his bid or proposition." Id. (emphasis added) (citing O.C.G.A. § 13-3-2). "To constitute a valid

contract, there must be parties able to contract, a consideration moving to the contact, the assent

of the parties to the terms of the contract, and a subject matter upon which the contract can

operate. Id. (quoting O.C.G.A. § 13-3-1). "Each of these essential terms must be certain." Id.

"The requirement of certainty extends ... to the subject matter and purpose of the contract,"

among other things. Id. "A contract cannot be enforced in any form of action if its terms are

incomplete . . . ." Casper v. Harrison Hatchery, Inc., 172 Ga. App. 35, 35, 321 S.E.2d 785, 786

(1984).   Since there was no meeting of the minds as to all essential terms, there was no contract

entered into between USAA and Plaintiffs.

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendant Turner's Motion

to Enforce Settlement is **DENIED.**

SO ORDERED, this ___ day of _____ , 2011.

_____
The Honorable Toby Beavers
Superior Court of Paulding County

Presented by:
Lance A. Cooper
Georgia State Bar No. 186100

3

11-CV-386-TB

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the attached ORDER DENYING DEFENDANT DYLAN TURNER'S MOTION TO ENFORCE SETTLEMENT AGREEMENT was duly served upon the counsel of record herein by mailing a copy of same postage pre-paid via First Class U. S. Mail, addressed as follows:

Lance A. Cooper
Attorney at Law
701 Whitlock Avenue, S. W.
Bldg. J, Suite 43
Marietta, GA 30064

James T. Brieske
Gray, Rust, St. Amand, Moffett & Brieske
1700 Atlanta Plaza
950 E. Paces Ferry Road
Atlanta, GA 30326

Jason B. Schwartz
Temple, Strickland, Dinges & Schwartz
3576 Covington Highway
Decatur, GA 30032

Douglas W. Smith
Hillary A. Shawkat
Carlock, Copeland & Stair, LLP
191 Peachtree Street
Suite 3600
Atlanta, GA 30303-1235

This 15th day of November, 2011.

Kathy White, Secretary to
Tonny S. Beavers, Chief Judge,
Superior Court of Paulding County

Paulding County Justice Center
280 Constitution Blvd., Suite 3059
Dallas, GA 30132

COPY

## IN THE SUPERIOR COURT OF PAULDING COUNTY
## STATE OF GEORGIA

MARK WILLIAMSON and RENE )
WILLIAMSON, as Parents of ZACHARY )
WILLIAMSON and as Co-Administrators )
of the Estate of ZACHARY WILLIAMSON, )
Deceased, )
)
                Plaintiffs, )
)
v. )   **CIVIL ACTION**
)   **FILE NO. 11-CV-386-TB**
DYLAN R. TURNER, )
)
         Defendants. )
)

### JUDGMENT

This action came on for trial before the Court and a jury, and the issues having been duly

tried, and the jury having duly rendered its verdict:

IT IS ORDERED AND ADJUDGED:

That Plaintiffs Mark Williamson and Rene Williamson shall recover from Defendant

Dylan R. Turner, the amount of $5,407,284.00 for the full value of the life of Zachary

Williamson, $263,408.60 for Zachary Williamson's pain and suffering and medical and funeral

expenses and $250.00 as punitive damages, for a total sum of $5,670,942.60 with interest

thereon at the rate provided by law.

DATED this 28ᵀᴴ day of June, 2012.

_____
Tonny S. Beavers
Judge, Superior Court of Paulding County



11-CV-386-TB

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the attached JUDGMENT was duly served upon the counsel of record herein by mailing a copy of same postage pre-paid via First Class U. S. Mail, addressed as follows:

> Lance A. Cooper
> The Cooper Firm
> 701 Whitlock Avenue, SW
> Building J, Suite 43
> Marietta, GA 30064

> Douglas W. Smith
> Carlock, Copeland & Stair, LLP
> 191 Peachtree Street, NE
> Sutie 3600
> Atlanta, GA 30303-1740

> Jason Schwartz
> Temple, Strickland, Dinges & Schwartz
> 2200 Century Center
> 2200 Century Parkway, NE
> Atlanta, GA 30345

This 28th day of June, 2012.

Kathy White, Secretary to
Tonny S. Beavers, Chief Judge,
Superior Court of Paulding County

Paulding County Justice Center
280 Constitution Blvd., Suite 3059
Dallas, GA 30132